UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALFONZO I. CUTAIA,

                Plaintiff,

v.                                                                Civil No. _____

CANADIAN BROADCASTING CORP., AND
CABLE NEWS NETWORK, INC.,

                                                                        **JURY TRIAL DEMANDED**

                Defendants.

---

## COMPLAINT

Plaintiff Alfonzo I. Cutaia ("Cutaia"), by his counsel, Hodgson Russ LLP, complains and alleges against Defendants Canadian Broadcasting Corp. ("CBC") and Cable News Network, Inc. ("CNN") as follows:

### NATURE OF THE ACTION

1. This action involves copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"). Cutaia brings this suit to protect and enforce his rights under Copyright Reg. PA0001928808 against CBC and CNN. Each Defendant has willfully infringed upon those rights by reproducing, creating a derivative work, distributing, exporting, and/or publicly performing his video. By this action, Cutaia seeks a permanent injunction and compensatory damages, treble damages, and attorneys' fees pursuant to 17 U.S.C. §§ 100, *et seq.*

### THE PARTIES

2. Cutaia is an individual residing in the State of New York.

3. On information and belief, CBC is a corporation organized under the laws of Canada having a principal place of business at 250 Front Street West, Toronto, Ontario, Canada M5V 3G5.

4. On information and belief, CNN is a Delaware corporation with its principal place of business at 1 CNN Center, Atlanta, Georgia 30303.

## JURISDICTION AND VENUE

5. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 100, *et seq.*

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over CBC consistent with the New York long arm statute because CBC: (1) committed copyright infringement and DMCA violations; (2) the present causes of action arise from such infringement and violations; (3) CBC's acts caused an injury to Cutaia in New York; (4) CBC expected or should have reasonably expected the act to have consequences in New York; and (5) CBC derives significant revenue from interstate and/or international commerce.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, CBC's acts of infringement occurred online and caused injury in this District.

9. This Court has personal jurisdiction over CNN because CNN has a place of business in New York. Additionally, this Court has personal jurisdiction consistent with the New York long arm statute because CNN: (1) committed copyright infringement and DMCA violations; (2) the present causes of action arise from such infringement and violations; (3) CNN's acts caused an injury to Cutaia in New York; (4) CNN expected or should have reasonably expected the act to have consequences in New York; and (5) CNN derives significant revenue from interstate and/or international commerce.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, CNN's acts of infringement occurred online and caused injury in this District.

## FACTUAL BACKGROUND

11. On November 18, 2014, an intense winter storm (dubbed "winter storm Knife") buried parts of Buffalo, New York, and the surrounding area, under snow. When the storm ended several days later, some areas in and around Buffalo had received more than seven feet of snow.

12. Cutaia was watching the storm come over Lake Erie and hit Buffalo from his downtown Buffalo office window. Cutaia captured a time-lapse video of the storm using his mobile phone.

Recognizing the substantial potential interest in this video, Cutaia uploaded the video to his YouTube account, titling the video "Buffalo Lake Effect" (the "Storm Video"). The Storm Video continues to be available for streaming at http://www.youtube.com/watch?v=VxuacZudBPU.

13. In uploading the Storm Video, Cutaia opted into YouTube's "monetization" program. In this way, Cutaia allowed Google—the owner of YouTube—to display advertising along with the Storm Video in return for a share of the advertising revenue received by Google. Cutaia also selected the "Standard YouTube License" option under the heading of "License and Ownership Rights." The YouTube website states the "Standard YouTube License is found in Section 6 of YouTube's Terms of Service." *See* YouTube screen capture attached as Exhibit A. A copy of the YouTube Terms of Service is attached as Exhibit B.

14. YouTube provides technological measures to videos, including the Storm Video. In particular, the Storm Video is readily streamed from YouTube, however, no access is provided to reproduce (*e.g.*, download) the video. Cutaia used YouTube's technological measures to allow streaming of the Storm Video, only, and not its reproduction.

15. YouTube provides each uploaded video with copyright management information. Such copyright management information includes the video title and a unique identifier assigned by the YouTube website upon uploading a video. Cutaia provided the title of "Buffalo Lake Effect" for the Storm Video, and the YouTube website assigned identifier VxuacZudBPU. Use of the Storm Video through YouTube includes this copyright management information.

16. By the end of the day on November 18th, the Storm Video had been viewed 513,009 times. On November 19th, the Storm Video was viewed an additional 2,301,212 times. As of July 7, 2015, the Storm Video has been viewed more than 3,680,000 times—in most every country from Azerbaijan to Zimbabwe.

17. Within a short time of uploading, Cutaia began receiving requests for permission to use the Storm Video via e-mail, telephone, and social media. Many requests arose from various news outlets, including CBS News, ABC News, CNN, NBC, Reuters, Associated Press, and many others.

18. Cutaia registered the Storm Video with the U.S. Copyright Office as U.S. Copyright Registration No. PA0001928808. The effective date of the registration is December 3, 2014. A copy of the Certificate of Registration is attached as Exhibit C.

## NATURE OF DEFENDANTS' UNLAWFUL CONDUCT

19. On or about November 18, 2014, CBC, without Cutaia's consent, reproduced the Storm Video, created a derivative video that included the CBC logo as an overlay, and publically performed the derivative video in its entirety by way of the websites www.cbc.ca and screen.yahoo.com (the "Infringing Copies"). A screen capture of one of the relevant web pages (http://screen.yahoo.com/ raw-buffalo-n-y-snowstorm-172848202.html) is attached as Exhibit D.

20. On or about July 15, 2015, Cutaia received a letter from Marcel Lacoursière, counsel for CBC (the "CBC Letter"—attached as Exhibit E), indicating that CBC's access to the Storm Video was by way of license from CNN and, according to CNN's license, CBC could reproduce and publically perform the video for ten days. Furthermore, the CBC Letter claimed that CNN had informed CBC that the copyright was owned by a third party and that the video should be credited to Cutaia.

21. On information and belief, CBC distributed the Storm Video to its syndicated partners, without Cutaia's consent.

22. Despite CBC's claimed belief that it was licensed to reproduce and publically perform the Storm Video for no more than ten days, CBC continued to publically perform the video until July, 2015, when Cutaia notified CBC of its unauthorized use.

23. On information and belief, CNN, without Cutaia's consent, reproduced the Storm Video and distributed the video to one or more of its licensees. In distributing the Storm Video, CNN, without Cutaia's consent, exported the video to Canada for use by CBC.

24. Cutaia's claims arise out of the willful and blatant violation by CBC and CNN of the intellectual property rights he maintains concerning the Storm Video.

## COUNT ONE

### (Injunctive Relief – CBC)

25. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 24.

26. CBC has used Cutaia's protected material, the Storm Video, without his permission and to his detriment.

27. CBC's use of the Storm Video is causing irreparable harm to Cutaia, and he has no adequate remedy at law to compensate him for his injuries.

28. CBC's use of the Storm Video violates the law and Cutaia's personal rights.

29. Considering the balance of hardships between Cutaia and CBC, a remedy in equity is warranted.

30. The public interest will not be disserved by the entry of a permanent injunction.

31. Based on these circumstances, Cutaia is entitled to a permanent injunction enjoining CBC from using the Storm Video and requiring CBC to take down all videos which incorporate the Storm Video, or any portion thereof, from all websites under CBC's control.

## COUNT TWO

### (Copyright Infringement by CBC)

32. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 31.

33. CBC's unauthorized reproduction of, preparation of a derivative work based upon, distribution, and public performance of the Storm Video infringe upon Cutaia's exclusive rights in violation of the 17 U.S.C. § 101, *et seq*.

34. CBC's wrongful conduct was intentional and willful.

35. As a direct and proximate result of CBC's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT THREE

### (DMCA Anti-Circumvention – CBC)

36. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 35.

37. In order to infringe the Storm Video, CBC circumvented Cutaia's technological measures limiting access to the Storm Video, without authorization, in violation of 17 U.S.C. § 1201(a)(1)(A).

38. As a direct and proximate result of CBC's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT FOUR

### (DMCA Copyright Management Information – CBC)

39. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 38.

40. By its reproduction and alteration of the Storm Video, CBC intentionally removed and/or altered the copyright management information of the Storm Video, without authorization, in violation of 17 U.S.C. § 1202(b)(1).

41. CBC distributed and publicly performed the Storm Video despite knowing that the copyright management information had been removed and/or altered, without authorization, in violation of 17 U.S.C. § 1202(b)(3).

42. As a direct and proximate result of CBC's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT FIVE

### (Injunctive Relief – CNN)

43. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 42.

44. CNN has used Cutaia's protected material, the Storm Video, without his permission and to his detriment.

45.  CNN's use of the Storm Video is causing irreparable harm to Cutaia, and he has no adequate remedy at law to compensate him for his injuries.

46.  CNN's use of the Storm Video violates the law and Cutaia's personal rights.

47.  Considering the balance of hardships between Cutaia and CNN, a remedy in equity is warranted.

48.  The public interest will not be disserved by the entry of a permanent injunction.

49.  Based on these circumstances, Cutaia is entitled to a permanent injunction enjoining CNN from using the Storm Video and requiring CNN to take down all videos which incorporate the Storm Video, or any portion thereof, from all websites under CNN's control.

## COUNT SIX

### (Copyright Infringement by CNN)

50.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 49.

51.  CNN's unauthorized reproduction, distribution, and exportation of the Storm Video infringe upon Cutaia's exclusive rights in violation of the 17 U.S.C. § 101, *et seq.*

52.  CNN's wrongful conduct was intentional and willful.

53.  As a direct and proximate result of CNN's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT SEVEN

### (DMCA Anti-Circumvention – CNN)

54.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 53.

55.  In order to infringe the Storm Video, CNN circumvented Cutaia's technological measures limiting access to the Storm Video, without authorization, in violation of 17 U.S.C. § 1201(a)(1)(A).

56.  As a direct and proximate result of CNN's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT EIGHT

### (DMCA Copyright Management Information – CNN)

57. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 56.

58. By its reproduction and alteration of the Storm Video, CNN intentionally removed and/or altered the copyright management information of the Storm Video, without authorization, in violation of 17 U.S.C. § 1202(b)(1).

59. CNN distributed the Storm Video despite knowing that the copyright management information had been removed and/or altered, without authorization, in violation of 17 U.S.C. § 1202(b)(3).

60. As a direct and proximate result of CNN's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT NINE

### (Contributory Copyright Infringement – CNN)

61. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 60.

62. CNN materially contributed to and had actual knowledge of CBC's direct copyright infringement such that CNN contributed to CBC's infringement of 17 U.S.C. § 101, *et seq*.

63. As a direct and proximate result of CNN's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## COUNT TEN

### (Inducement to Infringe Copyright)

64. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 63.

65. By its facilitating CBC's access to the Storm Video, CNN infringed Cutaia's copyright by inducing CBC to reproduce, distribute, and publically perform the Storm Video, without authorization, in violation of 17 U.S.C. § 101, *et seq.*

66. As a direct and proximate result of CNN's wrongful conduct, Cutaia has been damaged, and he is entitled to recover all damages available at law.

## DEMAND FOR JURY TRIAL

67. Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. That the Court declare Defendants has infringed Cutaia's exclusive rights under 17 U.S.C. §§ 106 and 602.

2. As to the First Cause of Action in this Complaint, that the Court grant a permanent injunction requiring that CBC cease any and all infringement of Cutaia's rights under the Copyright Act, 17 U.S.C. § 100, et seq.

3. As to the Second Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBC that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

4. As to the Third Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBC that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1201 in the sum of $2,500 per act of circumvention, device, product, component, offer, or performance of service pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(A).

5. As to the Fourth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CBC that are attributable to the violations

or maximum statutory damages for each violation of 17 U.S.C. § 1202 in the sum of $25,000 pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(B).

6. As to the Fifth Cause of Action in this Complaint, that the Court grant a permanent injunction requiring that CNN cease any and all infringement of Cutaia's rights under the Copyright Act, 17 U.S.C. § 100, et seq.

7. As to the Sixth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CNN that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

8. As to the Seventh Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CNN that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1201 in the sum of $2,500 per act of circumvention, device, product, component, offer, or performance of service pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(A).

9. As to the Eighth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CNN that are attributable to the violations or maximum statutory damages for each violation of 17 U.S.C. § 1202 in the sum of $25,000 pursuant to 17 U.S.C. § 1203(c)(2) and/or § 1203(c)(3)(B).

10. As to the Ninth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CNN that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

11. As to the Tenth Cause of Action in this Complaint, that the Court award Cutaia the greater of his actual damages together with any profits made by CNN that are attributable to the violations or maximum statutory damages for willful infringement for each infringement pursuant to 17 U.S.C. §§ 504(b)-(c).

12. That the Court award Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203.

13. That the Court award such other monetary relief, including pre- and post-judgment interest thereon, as the Court and/or a jury determine are appropriate and should be awarded against Defendants.

14. That the Court award such other and further relief as the Court may deem just and proper.

Dated: August 11, 2015        Respectfully submitted,

*s/ Hugh M. Russ, III*
Hugh M. Russ III
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14020
Telephone: 716.356.4000
Facsimile: 716.849.0349
hruss@hodgsonruss.com

*Attorney for Plaintiff Alfonzo I. Cutaia*